IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOBBY LEE BANKS, AIS # 119507** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 14-0319-KD-N |
| **CHARLES A. GRADDICK, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.

**I. Nature of Proceedings.**

The complaint before the Court is a superseding, Court-ordered amended complaint, in which plaintiff names two defendants, Charles A. Graddick, Mobile County Circuit Court Judge, and Brent T. Day, plaintiff's criminal defense counsel. (Docs. 3, 4). Subsequent to filing the amended complaint, plaintiff filed two motions to amend. (Docs. 11, 12). The first motion, which is unsigned and therefore due to be stricken, concerns defendant Graddick; it will be considered, however, as a matter of judicial economy. (Doc. 11); see FED.R.CIV.P. 11(a) (the

court must strike every unsigned paper unless it is promptly corrected).  And the second motion concerns defendant Day.  (Doc. 12).  These motions to amend are being considered along with the amended complaint.  See FED.R.CIV.P. 15(a).

In plaintiff's amended complaint (Doc. 4), he alleges that on December 13, 2005, defendant Graddick denied him medical attention and treatment.  (Id. at 4).  On that date, plaintiff told defendant Day, Banks Lawery, and defendant Graddick that he was an "insulin depend[e]nt diabetic[, which] mean[s] [he] was sick and needed to see a doctor."  (Id.).  Instead of calling a doctor or ordering a medical examination, plaintiff alleges that defendant Graddick ordered that a PSI report be prepared and plaintiff to go to the State probation office upon leaving the courtroom.  (Id.).  In addition, plaintiff maintains that defendant Day did not help him seek medical attention and that both defendants laughed at him.  (Id.).

Plaintiff further contends that defendant Graddick denied him the right to plead not guilty and that defendant Graddick "committed first degree assault with the intent to commit felony murder."  (Id. at 5).  Defendant Day is alleged to have "conspired to commit first degree assault with intent to commit felony murder."[1]  (Id.).

For relief, plaintiff seeks "monetary and punitive damage in the sum of 10 million dollars."  (Id. at 7).

In plaintiff's first motion to amend (Doc. 11), which is focused on defendant Graddick, he alleges that on December 13, 2005, defendant Graddick asked him if he was pleading guilty.

---

[1]  These references to defendants committing criminal offenses are not appropriate in a civil action.  It is only a prosecutor who may prosecute criminal offenses.  Otero v. United States Attorney General, 832 F.2d 141, 141 (11th Cir. 1987) ("a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.").  Therefore, any claims for a violation of criminal laws are subject to dismissal as frivolous and do not warrant further discussion.

(Id. at 2).  Plaintiff stated, "No." (Id.).  Plaintiff told defendants Day and Graddick that he is "an insulin-dependent diabetic and had started to feel light headed, and that also he was becoming ill, and need[ed] to see a doctor." (Id.).  He maintains that he was clearly denied medical attention and treatment when he was ordered to report to the State probation office.  (Id.).

Plaintiff contends that defendant Graddick has "a policy and custom of failing to provi[de] medical treatment to individuals of color who ha[ve] taken sick in his courtroom." (Id. at 3).  Plaintiff asserts that defendant Graddick has a "class-based discriminatory animus" and his actions are arbitrary and capricious. (Id.).  As a result, plaintiff avers that his procedural due process rights were violated, as have been the rights of the other members of the protected class. (Id.).  In addition, plaintiff claims that his Eight Amendment rights were violated. (Id.).  He alleges that defendant Graddick's decision to deny him medical treatment was biased and "altered his ability to make any sound decision that day." (Id. at 4).

Plaintiff argues that defendant Graddick substituted his judgment for that of a medical professional.  (Id.).  A medical professional should have been called, as the decision not to administer medications requires the professional judgment of medical authorities, particularly because the defendant Graddick had no knowledge of plaintiff's medical history.  (Id.).  Moreover, plaintiff maintains that defendant Graddick engaged in outrageous government conduct when he failed to follow the court regulations that provided procedural safeguards.  (Id. at 5).  Plaintiff's motion contains no request for relief.

Turning to the second motion to amend (Doc. 12), which focuses on defendant Day, plaintiff alleges that defendant Day acted unprofessionally when he neither recommended that plaintiff accept the plea bargain nor attempted to persuade plaintiff to do so.  (Id. at 2).  Defendant Day's performance was allegedly so deficient that he was not functioning as counsel

guaranteed by the Sixth Amendment and prejudiced plaintiff's defense.  (Id.).  Plaintiff claims that defendant Day attempted to give him medical advice instead of offering legal advice.  (Id.).  Plaintiff asserts that defendant Day should have filed a motion for medical treatment when plaintiff mentioned his condition, and the decision not to file a motion was biased.  (Id.).  When plaintiff "became ill it did affect and alter his ability to make any sound decision that day while in Judge Graddick['s] courtroom."  (Id. at 3).  Plaintiff's counsel "withh[e]ld . . . life sustaining treatment . . . when he did not request medical treatment nor a medical evaluation for plaintiff."  (Id.).  Plaintiff was "left to fend [for himself] and [to] protect his own innocence because he was denied his fundamental right to [e]ffective assistance of counsel."  (Id. at 3).  The plaintiff's second motion contains no request for relief.[2]

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

---

[2] In addition to the claims challenging his conviction, plaintiff's two motions to amend contained a few allegations that repeat his Eighth Amendment allegations contained in his amended complaint.  (Doc. 4).  Due to recommended disposition of plaintiff's Eighth Amendment claims contained in the amended complaint on statute of limitations grounds, see infra, the motions' Eighth Amendment allegations were not reiterated.

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937).  Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.

Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.  Discussion.**

Plaintiff's allegations present two different claims.  First, the Court will discuss the plaintiff's Eighth Amendment claims because they appear to be plaintiff's primary concern and were first advanced by plaintiff in the amended complaint.  Second, the Court will discuss plaintiff's challenges to his conviction that are contained in his motions to amend.

**A.  Eighth Amendment Claim Barred by Statute of Limitations.**

Plaintiff alleges that on December 13, 2005, defendants Graddick and Day denied him access to medical attention and treatment.  (Doc. 4 at 4).  Plaintiff filed the present action containing these claims on or about July 10, 2014.[4]  He identifies these claims as being for a violation of his Eighth Amendment rights.  The Eighth Amendment protects a convicted felon, whereas the Fourteenth Amendment protects a pre-trial detainee.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995).  Plaintiff's allegations do not make clear his status at the time he was allegedly denied medical attention, but it would seem that he was a pre-trial detainee.  An exact determination of plaintiff's legal status is not necessary, however, because the legal standards to be applied to a pretrial detainee's Fourteenth Amendment claims and a convicted felon's Eighth Amendment claims are identical in this Circuit.  Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013); Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986).

---

[4] The Court received plaintiff's complaint on July 10, 2104.  (Doc. 1).

Plaintiff is bringing his claims for a violation of his constitutional rights under § 1983. The statute of limitation for a § 1983 action filed in Alabama is two years. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir.), cert. denied, Callahan v. Allen, 553 U.S. 1098 (2008); see Owens v. Okure, 488 U.S. 235, 239, 250, 109 S.Ct. 573, 576, 582, 102 L.Ed.2d 594 (1989) (Because § 1983 does not contain a statute of limitations, the statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions); Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007) (same). Alabama's two-year statute of limitations for personal injuries is used for § 1983 actions filed in Alabama. Lufkin, 956 F.2d at 1105, 1108 n.2; McNair, 515 F.3d at 1170; ALA. CODE § 6-2-38(l).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S.Ct. at 1095. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" Id. (brackets in original) (citations and quotation marks omitted); see Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a section 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured).

Therefore, considering the tenor of plaintiff's allegations, plaintiff knew of his injury at the time when he was denied medical attention in the courtroom, or shortly thereafter. Even

though plaintiff knew of his claims on December 13, 2005, or thereabouts, he did not file suit until July, 2014, almost eight and half years after his claims arose. The filing of this action in July, 2014, is well beyond the two-year period of limitations from when his claims accrued. Accordingly, plaintiff's Eighth Amendment claim is barred by the two-year statute of limitations and is due to be dismissed as frivolous. Clark, 915 F.2d at 640 n.2; cf. Jones, 549 U.S. at 215, 127 S.Ct. at 920-21 (observing that the basis for dismissal on statute of limitations grounds is for failure to state a claim).

### B. Application of Heck v. Humphrey.

Plaintiff's amended complaint does not contain a claim that directly challenges his conviction for receiving stolen property, second degree, for which he received a sentence of twenty years on January 26, 2006. (Doc. 4 at 6). It is in plaintiff's two subsequent motions to amend that plaintiff challenges his conviction. (Docs. 11, 12). The inclusion of these two motions to amend in the Report and Recommendation caused the Court to return to the plaintiff's original complaint (Doc. 1), which was superseded by his amended complaint (Docs. 3, 4), to discover background information of plaintiff's guilty plea. (Doc. 1 at 5). In the original complaint, plaintiff alleges that on December 13, 2005, defendant Banks entered a "blind best interest plea" for plaintiff, without plaintiff's approval, and that defendant Graddick accepted the guilty plea, thereby denying plaintiff's "substantive procedural right not to enter a plea of not guilty." (Doc. 1 at 5).

In plaintiff's first and second motions to amend (Docs. 11, 12), plaintiff alleges that his ability to make a sound decision was impaired when he became ill due to his diabetes. (Doc. 11 at 4, Doc. 12 at 3). Plaintiff maintains that defendant Day took advantage of his illness by not advising him of the strengths and weaknesses in his case, by not requesting an evaluation and

8

treatment for his medical condition, and by misleading him that he would receive a medical evaluation.  (Id. at 4).

In the first motion to amend (Doc. 11), which is unsigned and therefore due to be stricken, see Rule 11, Federal Rules of Civil Procedure, plaintiff asserts that he informed defendant Graddick that he was not pleading guilty and advised defendant Day that he was ill and light-headed due to his insulin-dependent diabetes.  (Id. at 2).  Defendant Graddick is alleged to have denied plaintiff medical treatment and to have maintained a policy denying medical treatment to an "individual of color who ha[s] taken sick in this courtroom," which violates plaintiff's and class members' Fifth and Eighth Amendment rights to "procedural due process" (Id. at 2-3).

The foregoing allegations challenge the constitutionality of plaintiff's conviction based on the guilty plea entered on December 13, 2005.  In the amended complaint, plaintiff indicates his conviction and sentence based on his guilty plea have not been invalidated.  (Doc. 4 at 6). However, in a § 1983 action, a claim that would have the effect of invalidating a plaintiff's conviction if ruled upon favorably cannot proceed unless the conviction has been invalidated in a manner prescribed by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In Heck, a prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their actions that resulted in his conviction.  The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which had as a required element that the accused prove the termination of the prior criminal proceeding for the accused.  Id. at 484, 114 S.Ct. at 2371.  The Heck Court opined:

> We think the hoary principle that civil tort actions are not
> appropriate vehicles for challenging the validity of outstanding
> criminal judgments applies to § 1983 damages actions that

> necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254</u>.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed (footnote omitted), in the absence of some other bar to the suit (footnote omitted).  (Emphasis added.)

<u>Id.</u> at 486-87, 114 S.Ct. at 2372-73.  Thus, if a favorable ruling by the Court on plaintiff's damages claims in this action would have the effect of invalidating plaintiff's conviction, then plaintiff must demonstrate that his conviction has been invalidated in order to avoid dismissal of those claims.  On the other hand, if plaintiff's § 1983 damages claims will not have the effect of invalidating his conviction if the Court were to rule favorably on them, then his claims may proceed in this action unless another bar exists to the claims proceeding.  Id. at 487 n.7, 114 S.Ct. at 2373 n.7.

In the present action, the claims concerning whether plaintiff's guilty plea was entered knowingly and voluntarily are claims that would invalidate plaintiff's conviction if the Court were to rule favorably on them.  <u>Farabee v. Feix</u>, 119 F. App'x 455, 458 (4th Cir. 2005) (finding

10

that success on a claim challenging a guilty plea as unknowing and involuntary would invalidate the conviction). Thus, plaintiff must show that his conviction has been invalidated in a manner prescribed by Heck. Plaintiff has not done this and, based on this Court's records and a review of the Alabama appellate decisions in Westlaw arising from plaintiff's criminal case, he will not be able to make this showing. Furthermore, as of November 24, 2014, plaintiff's second motion to amend reflects that he is still in custody, which indicates that he is still serving his twenty-year sentence for his 2005 conviction (or possibly his sentence for his future conviction). (Docs. 12; Doc. 4 at 6). Accordingly, plaintiff's claims challenging his guilty plea would invalidate his conviction if the Court were to rule favorably on them and are therefore due to be dismissed with prejudice for failure to state a claim upon which relief can be granted. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (dismissing with prejudice the claims that are barred by Heck).

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because plaintiff's claims are either frivolous or fail to state a claim upon which relief may be granted.[5]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the

---

[5] The Court recognizes that other grounds for dismissal are available, but at this time the Court elected to forego discussing them, e.g., judicial immunity, 28 U.S.C. § 1997e(e).

scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this 16th  day of  January, 2105.

                                    /s/ Katherine P. Nelson
                                    **UNITED STATES MAGISTRATE JUDGE**